IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01484-WJM-MJW

DAM LE, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

United Services Automobile Association, a Reciprocal Inter-insurance Exchange,

      Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket No. 18-1 )

---

      Plaintiff, Dam Le, by and through his attorneys, L. Daniel Rector and William Muhr, and the Defendant, UNITED SERVICES AUTOMOBILE ASSOCIATION ("USAA"), by and through its attorneys, Patricia M. Ayd and James D. Johnson, stipulate that the following Protective Order should be entered by the Court with respect to confidential information discovered, disclosed, or received by any Party in this matter.

**I.**     **DEFINITIONS**

      As used in this Protective Order,

A. "Material" means all or any part of any document as defined by Fed. R. Civ. P. 34 (a)(1)(A), testimony (including the witness's oral statement and the eventual transcript), affidavit, answer to interrogatories, response to requests for production, response to requests for admissions, or any other form of evidence, and other information in any form from a Party or non-party to this Litigation, whether provided voluntarily, through disclosure requirements or any means of discovery created or authorized by the Federal Rules of Civil Procedure or an Order of the Court.

1

B. "Confidential Material" means Material of any type, kind or character of a Party or non-party which is designated as Confidential.   Confidential Material includes any information that is subject to protection under F.R.C.P. 26(c) or other applicable law or by agreement of the Parties or Parties and a non-party.   Any party or non-party may designate as confidential any Material which that Disclosing Party considers in good faith to be Confidential Material.   Confidential Material may include, but is not limited to, information relating to or concerning personal financial, business or medical matters, trade secrets or other confidential research, development, or commercial information, including but not limited to information concerning the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the aforementioned, training or marketing, pricing, insurance rating, internal forecasts, profits, executory contracts related to products, services and pricing, information deemed confidential by contract or employees, members or insureds personal information. Confidential Material shall also include any notes, summaries, compilations or other documents referencing Material which has been designated as confidential.

C. "Party or Parties" for the purpose of this Protective Order means the Plaintiff DAM  LE, and the Defendant USAA.

D. "Disclosing Party" means a Party or non-party who discloses or produces Material designated as Confidential Material under this Protective Order.

E. "Designating Party" refers to a Party who designates Material as Confidential under this Protective Order.

F. "Receiving Party" refers to a Party who receives Confidential Material in disclosures or discovery and anyone to whom they are allowed to disclose Confidential Material under this Protective Order.

G. "Person(s)" shall include any "Party" or non-party to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental entity.

H. "Litigation" refers to Le v. USAA, In the United States District Court for the District of Colorado, Civil Action 12-cv-01484-WJM-MJW.

## II.   PURPOSE AND SCOPE OF AGREEMENT AND PROTECTIVE ORDER

The Parties agree good cause exists for entering into this Protective Order and for the Court to enter this Protective Order. The Parties further agree that:

A. This Protective Order applies with equal force to the Parties and to their counsel of record

2

and any other counsel providing any legal services relating to the Litigation. Counsel includes the attorneys and their employees.

B. It is the intent of the Parties to disclose Confidential Material in compliance with all Federal Rules of Civil Procedure without waiving any protections or privileges relating to that Material and without subjecting the Parties and the Court to numerous motions to protect personal, private, proprietary, or trade secret information of the Parties.

C. The Parties are producing or disclosing Confidential Material in reliance on the terms and conditions of this Protective Order.

D. All Confidential Material produced or provided in the course of this Litigation, and the information obtained from examining the same, shall be used solely by the Receiving Party for the purposes of the proceedings in this Litigation, and not for any other purpose except with the written permission of the Disclosing Party. The Confidential Material shall not be disclosed to anyone, either orally or in writing, except in accordance with the terms of this Protective Order.

E. Production or Disclosure of Confidential Material is not an admission or concession that the Confidential Material is relevant or admissible in this Litigation and is not a waiver of the right of either Party to claim that Confidential Material is privileged or otherwise not discoverable.

F. Review of the Confidential Material by counsel, experts, or consultants for the Parties in the Litigation shall not waive the confidentiality of the Material or objections to production.

G. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material and information shall not generally be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

H. The parties are stipulating to this Protective Order because USAA has a legitimate interest in protecting its members' information and its business interests in its own intellectual property, information, and processes. The insurance industry is a highly competitive market and disclosure of trade secrets, confidential or proprietary information could cause significant and irreparable harm to USAA and its members. This Protective Order is intended to protect USAA from any foreseeable or unforeseeable harm resulting from disclosure of their Confidential Material.

## III.   DESIGNATION OF MATERIAL AS CONFIDENTIAL

A. A Party shall designate Material as Confidential Material in the following manners:

3

1. By designating documents as confidential when they are disclosed or produced by placing on each page of such document a notation that the document is confidential or subject to this Protective Order. This may include placement of an appropriate overlay placed across the face of the document in the form substantially similar to that on Exhibit A. All Confidential Material (including interrogatory answers) shall be bates stamped/labeled or otherwise specifically identified.

2. By identifying Confidential Material included in a response to a request for production, interrogatory, or request for admission and marking any document as noted above.

3. By designating deposition testimony of a witness as confidential on the record at the time that the deposition testimony is elicited. The court reporter shall note on the record the portions of testimony designated as confidential. In the alternative, a Party may, within 45 days of receipt of the transcript, serve on the other Party and the court reporter a written designation identifying the specific pages and lines of the depositions or exhibits or portions thereof, deemed Confidential. The court reporter shall note on the original of the deposition transcript that the testimony and or exhibits have been designated as confidential. It is agreed that the court reporter will not produce the original transcript until 60 days after the deposition.

   a) Transcripts will be considered to be Confidential for 45 days from receipt. Unless the deposition testimony or exhibits are designated as Confidential Material at the deposition or within the 45 day period after receipt of the transcript, confidentiality is waived, unless otherwise stipulated to by the Parties or further ordered by the Court.

4. In the event any Confidential Material is used in any court proceeding herein or resulting from this Protective Order, by requesting the Court to designate hearing or trial testimony or the hearing or trial exhibits as confidential at the time the testimony is elicited or documents are presented or prior to the witness testimony or designation of exhibits, through agreement of the Parties. Either Party may request that the proceeding be held in a manner consistent with protecting the Confidential Material from non-qualified Persons.

5. Any papers filed with the Court which include, attach, or make reference to Confidential Material (or information derived from Confidential Material) shall be considered Confidential Material governed by the terms of this Protective Order. Attorneys for the Party submitting filings with Confidential Material shall file such Confidential Material under seal consistent with the procedure for electronic filing of pleadings and documents under seal. Should the filing Party fail to file Confidential

4

Restricted Access

Material under ~~seal~~ ⟋Restricted Access~ any other Party may request the Confidential Material to be ~~sealed.~~ ⤙Restricted.

6. By marking electronic Confidential Material in a manner consistent with the manner in which the information is maintained. The Confidential designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those Persons who access the medium that they have accessed Confidential Material that is restricted from disclosure.

B. A Confidential designation shall be made only upon the Designating Party's good faith belief that the Material is protectable under Fed. R. Civ. P. 26(c)(1), or other applicable law.

C. Any part of a claim file, underwriting file, or documents containing personal information of a member may be marked by USAA as Confidential. Plaintiff can determine if he wishes his individual claim file to be marked as Confidential.

## IV.   OBJECTIONS TO DESIGNATION OF MATERIAL AS CONFIDENTIAL

A. A Party may, through counsel, object to the designation of particular Confidential Material by giving written notice to counsel for the Designating Party. Such notice shall be served electronically through email/ECF. The written notice shall specifically identify the Material to which the objection is made by bates number or other clear designation. The Parties, through counsel, shall then make a good faith effort to resolve the dispute without Court intervention. If counsel for the Designating and Receiving Parties cannot resolve the objection within twenty (20) days after the time the written notice is received (as calculated under the Federal Rules of Civil Procedure) or a longer time if agreed or ordered by the Court, the Designating Party may file an appropriate motion requesting that the Court determine whether the disputed Material should be subject to the terms of this Protective Order. If the Designating Party does not file an appropriate motion, the Material shall be deemed not confidential after the expiration of the time for filing of the motion. If the Designating Party does file an appropriate motion, the disputed Material shall be treated as Confidential Material until such time as the designation is removed by written agreement of the Parties or Order of the Court. Either Party may request that the Court hold a hearing with respect to such motion.

B. The Designating Party shall bear the burden of establishing that the Material qualifies as Confidential Material and good cause exists for the disputed information to be treated as Confidential.

V.   **PERSONS TO WHOM CONFIDENTIAL MATERIAL MAY BE PROVIDED**

A. Subject to the terms and conditions of this Protective Order, the undersigned counsel may permit other Persons or entities to possess and to view Confidential Material. Reasonable efforts will be made not to disclose the information to any third Person or entity whatsoever, except to the following who are collectively referred to as Qualified Person(s):

1. Counsel of record and their associated or consulting attorneys actively working on this Litigation on behalf of a Party;

2. Employees or agents of the above counsel including Persons regularly employed or associated with such counsel including support staff, paralegal and clerical personnel whose assistance is required by said attorneys with respect to the Litigation;

3. Anyone retained by counsel for the Parties to assist in the preparation and trial of this Litigation, [as long as the Person has a direct need to review the Confidential Material in order to provide the requested services] provided that such Persons are first advised of, and agree in writing by executing the attached Exhibit B to be bound by the provisions of this Protective Order;

4. The Federal Court ("the Court"), and court personnel, including stenographic reporters regularly employed by the Court;

5. Stenographic or video reporters, court reporters, or other information technology specialists hired to copy documents, duplicate ESI, prepare hearing or trial exhibits, deposition transcripts and hearing or trial transcripts who are engaged by the Court or Parties as are necessarily incident to the representation of the client or the conduct of this Litigation provided that such person are first advised of, and agree in writing by executing the attached Exhibit D to be bound by the provisions of this Protective Order;

6. Deponents, witnesses, or prospective witnesses in the Litigation to the extent such disclosure is necessary for preparation, deposition, trial or other proceedings in this case;

7. Any employee of the Party or non-party that produced the Confidential Material;

8. Any Person who authored or received the Confidential Material at any time prior to its designation, or after such designation, as part of the Litigation or business operations of the Designating Party and mediators or arbitrators hired by the Parties;

6

9. Other Persons by written agreement of the Parties;

10. Any Person, if the Confidential Material is publicly disclosed by the Party that designated the Confidential Material.

B. Any Person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified Person" or "non-qualified Persons."

C. Copies of written acknowledgments obtained pursuant to Paragraph V. A 3. & 5. shall be retained by counsel for the Parties obtaining the acknowledgment. Except as to those Persons whose identities need not be disclosed in discovery, such acknowledgments shall be produced to other Parties upon written request. All other such acknowledgements shall be retained for an *in camera* review by the Court to determine if good cause exists to require production of the acknowledgment.

D. The counsel for the Parties who received Confidential Material shall not grant possession of the Confidential Material to any Person or entity except as expressly authorized by the terms of this Protective Order.

## VI.   DISCLOSURE IN RESPONSE TO COURT ORDERS

Nothing herein shall prevent any Party or third-party who has received Confidential Material pursuant to this Protective Order from producing such Confidential Material in response to a lawful subpoena or other compulsory process. The Party served with the non-party subpoena or other process must notify the Party that produced the Confidential Material within seven (7) days of receipt of the subpoena or at least 48 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the Party who produced the Confidential Material with sufficient information and an opportunity to protect the interests of the Disclosing Party by opposing the subpoena. If such notice is not practical the Party shall notify the Court that the Material is subject to a Protective Order and request that the Court not order the disclosure of the Confidential Material until such time as the Designating Party has been notified of the request for information and given an opportunity to protect its interests. In the event that production of such Confidential Material is ordered, it shall continue to be treated as Confidential Material by all Persons subject to this Protective Order unless and until this Court shall otherwise direct.

## VII.   RETURN OF CONFIDENTIAL MATERIAL AT THE END OF LITIGATION

A. Within 30 days after the conclusion of this Litigation, unless other arrangements are agreed upon, all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any

Confidential Material, shall be returned to the Designating Party or destroyed. The Receiving Party shall provide the Designating Party with an acknowledgement, in the form attached as Exhibit C, confirming the return or destruction of all Confidential Material in compliance with this Protective Order. Counsel may retain one copy of such Confidential Material to maintain a complete file to the extent required and for the time required by any State Rules. Any retained Confidential Material will remain subject to the terms and conditions of this Protective Order, and shall not be disclosed or used, without the consent of the Designating Party or further Order of the Court. This Protective Order will remain in effect after the completion of the case.

B. All individuals who have received Confidential Material shall certify in writing to the attorney providing them with the Confidential Material that all Confidential Material has been returned or destroyed. That attorney shall maintain copies of the same in his file for one year and shall have them available to provide to the Designating Party upon request.

## VIII.   VIOLATION OF PROTECTIVE ORDER

Upon the Court's finding that a violation of this Protective Order has occurred, the Court may — *sua sponte* or on the motion of any Party — grant relief as it deems appropriate in law or equity.

## IX.   USE OF CONFIDENTIAL INFORMATION

A. The confidential information, in any form, including but not limited to, any subsequently created notes or summaries containing, referencing or describing the Confidential Information, shall be used only in this Litigation.

B. The Confidential Material shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, Persons may not verbally share the Confidential Material to non-qualified Persons.

## X.   NO WAIVER BY INADVERTENT PRODUCTION

A. If any Confidential Material is inadvertently provided to a Receiving Party without being marked as Confidential in accordance with this Protective Order, the failure to so mark the Material shall not be deemed a waiver of its confidentiality, privilege, or right to object. Until the Material is designated as confidential by the Disclosing Party however, the Receiving Party shall be entitled to treat the Material as non-confidential. When the Material is designated as Confidential Material, the Receiving Party shall take prompt steps to assure the Material is marked as confidential or returned to the Disclosing Party

for confidential designation pursuant to this Protective Order. The Disclosing Party shall bear the costs of designating and marking the Confidential Material as such.

B. The disclosure in this Litigation of Material designated as Confidential Material shall not constitute a waiver of any right to assert any legal privilege, including the confidentiality of the Material, in any other situation.

## XII.   OTHER PROVISIONS

A. The Parties do not waive, and expressly retain the right to assert in the Litigation or other investigation or lawsuit, the application of any common law or statutory privileges or any theory of immunity from disclosure of the Confidential Material, in whole or in part, or in any form.

B. A Party may seek and obtain, on an appropriate showing, additional protection (or relief from protection) with respect to the confidentiality of Material disclosed or produced in this Litigation.

C. Nothing in this Protective Order is to be construed or used as a waiver of any rights, procedural or evidentiary objections, or privileges under either the applicable Rules of Civil Procedure or the Rules of Evidence.

D. This Protective Order is entered into for the purposes of this Litigation only, and shall not apply to documents or things produced by any Party in any other litigation.

E. Nothing in this Protective Order shall prejudice the right of any Party to make any use of or disclose to any Person any Material it has designated as Confidential Material, without prior court order, or to waive the provisions of this Protective Order with respect to any Confidential Material designated by that Party.

F. Nothing in this Protective Order shall prevent any Party from seeking other or different protection for documents or things or information in other unrelated litigation and or courts.

G. The designation of Material as Confidential shall not prevent any Party from disclosing that Material in any other personal, business or legal activity.

## XIII.   MODIFICATION OF PROTECTIVE ORDER

A. This Protective Order may be modified only by Order of the Court.

B. The Parties may jointly or singly file a motion with the Court to modify the terms of this

Protective Order for good cause shown, but the Parties and all Qualified Persons are bound by the terms of this Protective Order until the Court shall enter an Order modifying the same.

C. This Protective Order shall not prevent any Party from applying to the Court for further or additional Protective Orders.

D. By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of Confidential Material in a particular circumstance without prejudice to the continued application of this Order regarding other uses of that Confidential Material.

E. Should any provision of this Stipulation be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

## XIV.   SURVIVABILITY

This Protective Order shall survive the termination of this case, and this Court shall retain jurisdiction to enforce the terms of this Protective Order. Any Person who signs this Protective Order or who receives Confidential Material covered by this Order agrees to be subject to the jurisdiction of this Court with respect to any dispute involving the subject matter of this Protective Order until Termination of This Case.

Respectfully submitted, this ___5th___ day of __November__, 20_12.

Dated:

REVIEWED:

_____
L. Daniel Rector
131 South Weber Street
Colorado Springs, CO 80903
(719) 473-0075
ldanrec@comcast.net

_____
Patricia M. Ayd
James D. Johnson
Ayd & Johnson, P.C.
2025 York Street
Denver, CO 80205-5713
(303) 864-0978
payd@ayd-johnson.com
jjohnson@ayd-johnson.com

It is hereby ordered that Protective Order shall govern issues relating to Confidential Material in these proceedings.

Dated: ___November 5TH___, 2012.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**Exhibit A to Protective Order**

# CONFIDENTIAL

See Confidentiality Order

In the United States District Court
for the District of Colorado

Civil Action No. 12-cv-01484-WJM-MJW

Dam Le, Plaintiff, v USAA, Defendant

**EXHIBIT B TO PROTECTIVE ORDER**

**EXPERTS, CONSULTANTS OR WITNESSES**
**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

1)      My full name is _____

2)      My address is _____

3)      My present employer is _____

4)      My present occupation or job description is _____

_____

5)      I have received a copy of the Protective Order entered in Dam Le v. USAA, In the United State District Court for the District of Colorado, Civil Action No. 1:12-cv-01484-WJM-MJW.  I have carefully read and understand the provisions of the Protective Order.  I will comply with all of the provisions of the Protective Order.

6)      I will not disclose any Confidential Material as defined in the Protective Order to any persons, except as allowed under the Protective Order.  I will use any such Confidential Materials only with respect to the above litigation.

7)      I will return or destroy all Confidential Material that comes into my possession and all documents which I have prepared which contain or reference Confidential Material to an attorney representing the party that has employed or retained me.

8)      I submit to the jurisdiction of the United States District Court for the purposes of enforcement of the Protective Order.

        DATED this _____ day of _____, 201___.

                        _____

**EXHIBIT C**

**ACKNOWLEDGMENT OF RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIAL**

1)      My full name is _____

2)      My address is _____

3)      My present employer is _____

4)      My present occupation or job description is _____

_____

5)      I have received a copy of the Protective Order entered in Dam Le v. USAA, In the United States District Court for the District of Colorado, Civil Action No. 1:12-cv-01484-WJM-MJW and have previously agreed to be bound by the terms of that Protective Order.  I have complied with all of the provisions of the Protective Order.

6)      I hereby represent that in compliance with the terms of the Protective Order, I have returned to *[insert name of attorney retaining expert or consultant or who consulting with witness]* _____ or destroyed all documents containing any Confidential Material that came into my possession including but not limited to all documents which I created or prepared which contained or referenced Confidential Material.

7)      I submit to the continuing jurisdiction of the United States District Court for the purposes of enforcement of the Protective Order.

       DATED this _____ day of _____, 201___.


                          _____

**EXHIBIT D**

**SERVICE PROVIDER ACKNOWLEDGMENT OF PROTECTIVE ORDER**

**In the United States District Court for the District of Colorado
Civil Action No. 1:12-cv-01484-WJM-MJW
Dam Le, Plaintiff, v USAA, Defendant**

1.    Service Provider Name _____

2.    Service Provider address_____

3.    Authorized Person _____

4.    Employees Providing Services _____

                   _____

5.    I, *[Authorized Person]* _____ have received a copy of the Protective Order entered in this case.  I have read the Protective Order and understand that during the course of rendering services relating to the above matter I or employees of _____ [Service Provider Name] may be provided with or Confidential Material.  I have reviewed the Protective Order with those employees who will be providing services requested by *[name of attorney requesting services]* _____ and have confirmed that those employees understand the requirements of the Protective Order with respect to Confidential Material.

6.    I, *[Authorized Person]* _____ have the authority to state *that [Service Provider Name]* _____ will comply with all of the provisions of the Protective Order.

7.    *[Authorized Person]* _____ and its employees will not disclose or distribute any confidential material, documents or information to any persons. [Copy Service] _____ and its employees will not discuss the contents of the confidential material with any person.

8.    *[Service Provider]* _____ will return all Confidential Materials that come into its possession only to *[name of attorney or law firm retaining Service Provider]* _____ .

    DATED this _____ day of _____, 201___.

             _____
                    *[Service Provider]*

             _____
                    *[Authorized Person]*